IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARIO AVILA, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 11-0123-CB-M
:
GARY HETZEL, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and that this action be dismissed.

Petitioner was convicted of trafficking in cocaine in the Circuit Court of Baldwin County on May 22, 2008 for which he received a sentence of life, without the possibility of parole, in the state penitentiary (Doc. 2). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 12, Exhibit C); Avila sought

*certiorari* in the Alabama Supreme Court, but his petition was denied (Doc. 12, Exhibit D).

Petitioner filed a Rule 32 Petition in the Baldwin County Circuit Court which was denied without a hearing (Doc. 12, Exhibits E, F). The Alabama Court of Criminal Appeals, in a written opinion, affirmed the denial (Doc. 12, Exhibit G) and the Alabama Supreme Court denied the petition for *certiorari* (Doc. 12, Exhibit H).

Petitioner filed this action in the United States District Court for the Northern District of Alabama (Doc. 1); the action was transferred to this Court (Doc. 3). Pursuant to this Court's Order, Petitioner filed a new petition, raising the claim that his trial attorney rendered ineffective assistance (Doc. 6). More specifically, Avila claims that his attorney was ineffective in that he failed to challenge (a) the admission of a prior bad act and (b) the admission of certain scientific evidence (Doc. 6, p. 7).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prove an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as

> the "counsel" guaranteed the defendant by
> the sixth amendment. Second, the defendant
> must show that the deficient performance
> prejudiced the defense. This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable. Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id*. at 687.

Avila first argues that his attorney was ineffective in that he failed to challenge the admission of a prior bad act. In explaining his claim, Petitioner states that he had been previously convicted of trafficking in marijuana which had "striking similarities" (Doc. 6, p. 7).

The Court notes that the Alabama Court of Criminal Appeals addressed the merits of this claim in reviewing the appeal of the denial of Avila's Rule 32 petition. That Court specifically stated as follows:

> [I]n its order dismissing the petition, the
> circuit court found as follows:
>
>> "Defendant's first ground for
>> post conviction relief is a claim
>> of ineffective assistance of
>> counsel for failure to properly
>> object to 'bad acts' evidence. A
>> review of the file reveals that
>> Defendant's trial counsel filed a

3

> Motion to Suppress; an Objection
> to Government's Intended Use of
> 404(b) Evidence; and a Motion to
> Suppress Defendant's Statements.
> All three of these motions
> objected to the State's attempt to
> use statements and evidence of
> prior drug trafficking.  The Court
> held a hearing and found the
> evidence of the Defendant's prior
> drug trafficking admissible under
> Alabama Rules of Evidence, Rule
> 404(b).  The Defendant has not
> stated a material issue of fact or
> law that would entitle him to
> relief on this ground."

(C.R. 48.)  The record supports the circuit court's findings, and we adopt them as part of this memorandum.  The record from the appellant's direct appeal also indicates that trial counsel did in fact object when the State elicited testimony about the prior drug trafficking charges.  Therefore, the appellant has not shown that counsel was deficient in this regard. Additionally, evidence about the prior drug trafficking charges was relevant to show the appellant's knowledge about the presence of the cocaine in the hidden compartment in this case and his intent to possess and transport the cocaine.  Therefore, the trial court properly admitted the evidence pursuant to Rule 404(b), Ala. R. Evid.  Finally, the appellant admitted to law enforcement officers that he was transporting ten kilograms of cocaine in this case and that he was being paid $500 per kilogram to transport the cocaine.  Thus, error, if any, in the admission of the evidence about the prior drug charge would have been harmless. For these reasons, the appellant has not shown that he was prejudiced by counsel's allegedly deficient performance.

> Accordingly, he is not entitled to relief regarding this allegation.

(Doc. 12, Exhibit G, pp. 12-13).

This Court has verified the findings of the Alabama Court of Criminal Appeals, specifically noting that Plaintiff's attorney filed the following documents: Motion to Suppress (Doc. 12, Exhibit J, Volume I, pp. 39-40); an Objection to Government's Intended Use of 404(b) Evidence (*id.* at pp. 53-54); and a Motion to Suppress Defendant's Statements (*id.* at pp. 51-52). These motions resulted in a suppression hearing in which the Motions were denied and the Objection overruled (*id.* at Volume II, pp. 117-18; *see generally id.* at pp. 16-118). The Court further notes that Avila's attorney, nevertheless, objected at trial when the State sought to introduce evidence about the prior drug trafficking charges (*id.* at pp. 67, 96, 117, 119). The Court agrees with the State Courts that Avila has not demonstrated that his attorney was deficient in not challenging the admission of a prior bad act at trial. This claim is without merit.

Petitioner has also claimed that his attorney rendered ineffective assistance in failing to challenge the admission of certain scientific evidence (Doc. 6). More specifically, Avila

asserts that the scientific "test used did not comply with the predicate standards of *Frye*" (Doc. 6, p. 7).[1]

Again, the Court notes the specific holding of the Alabama Court of Criminal Appeals in finding no merit in this claim:

> With regard to Allegation 2, the circuit court found as follows:
>
>> "Defendant's second ground for post conviction relief is a claim of ineffective assistance of counsel for failing to properly object to the State's scientific evidence under the *Frye* standard. Defendant argues that trial counsel should have challenged the scientific testing of the cocaine using the gas chromatography-mass spectrometry test because the State did not comply with *Frye*. However, Alabama caselaw hold [sic] that the *Frye* standard does not apply to gas chromatography-mass spectrometry tests. Therefore, the Defendant has not stated a material issue of fact or law that would entitle him to relief on this ground."
>
> (C.R. 48-49.) We adopt the circuit court's finding as part of this memorandum. *See Parker v. State*, 777 So.2d 937, 938 (Ala. Crim. App. 2000).

---

[1]*Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) held that when an expert testifies concerning a scientific principle, that principle must be sufficiently established to have gained general acceptance in that scientific field. The Court notes that *Frye* was superceded by the Federal Rules of Evidence. *Daubert v. Merrell Dow*

(Doc. 12, Exhibit G, pp. 13-14).

The Court notes that *Parker*, cited by the Court of Criminal Appeals, specifically held that the *Frye* test was not required in discussing the gas chromatograph test because it is not a novel scientific test. *Parker*, 777 So.2d at 938. As the *Frye* test is not required in Alabama with introduction of evidence from the gas chromatography-mass spectrometry test, it was not deficient for Avila's attorney not to have objected. As such, Petitioner has failed to demonstrate that his attorney rendered ineffective assistance of counsel in this regard.

Avila has raised two different particularized ineffective assistance claims in bringing this action. Both are without merit. Therefore, it is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Gary Hetzel and against Petitioner Mario Avila.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute

---

*Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993).

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is suggested that Avila will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual

findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 31st day of August, 2011.

s/BERT. W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE

9